## H. STEIL v. STATE.

No. A-1089. Opinion Filed December 14, 1912.

(128 Pac. 177.)

1. **APPEAL—Record—Index.** It is the duty of counsel, when they take an appeal, to incorporate in the transcript of the record an accurate index of its contents, so that this court can readily find that portion of the record which it is claimed presents an error.

2. **INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** For circumstances sustaining the verdict of a jury in finding the defendant guilty of having in his possession intoxicating liquors with intent to violate the prohibitory liquor law, see opnion.

(Syllabus by the Court.)

*Appeal from Blaine County Court;*
*George W. Ferguson, Judge.*

H. Steil was convicted of violating the prohibitory liquor law, and appeals. Affirmed.

*I. H. Lookabaugh,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *A. L. Emery,* Co. Atty., for the State.

FURMAN, P. J. First. The record in this case covers 110 pages. But it is not accompanied by an index. It is the duty of counsel when they take an appeal, not only to prepare the case-made or transcript of the record correctly, but to place in it an accurate index, so that the court can readily find that portion of the record which presents an error complained of. It is the duty of counsel to assist the court in the investigation of cases before it. It unnecessarily consumes a great deal of time to examine a record which has no index. Sometimes we have to read the entire record over several times to refresh our minds as to errors complained of. This is true in the present case, when, if there had been a proper index, we could have turned to the points in

controversy without delay. We want to be fair to every appellant and to every attorney, and to give to every case and every question a full and impartial consideration; but when counsel fail and neglect to attach an index to a record the fault is theirs if we fail to find in the record some point upon which they rely.

Second. Upon the trial of this cause it was proven that within less than 50·days prior to the finding of the indictment 20 barrels of beer were received at the railroad depot in Watonga, in Blaine county, Okla., consigned to appellant, and were delivered by the railroad agent, on the written order of appellant, to one E. B. Kieth. The railroad agent was placed upon the witness stand on behalf of the state and identified an expense bill No. 115, and also a bill of lading. The bill of lading was for one barrel of fermented beverage; but the railroad agent testified positively that this was a barrel of beer. The record then contains the following stipulation:

"It is hereby agreed by the counsel for the plaintiff and the counsel for the defendant that the exhibits from 15 to 35, inclusive, will be identified by the witness on the stand, and that they shall be admitted in evidence on the same testimony as given by the witness on the stand, except that the defendant may be allowed to make objections to any single exhibit that he may wish to."

E. B. Kieth, the party to whom these 20 barrels were delivered on the written order of appellant, testified for the state that he delivered all this stuff on appellant's order at a hotel kept by appellant in the town of Watonga. The state here rested. The appellant offered no testimony.

The circumstances that a person residing in the western portion of Oklahoma may have received as an interstate shipment a quantity of intoxicating liquors will not alone sustain a conviction, because, under the commerce clause of the Constitution of the United States, any person residing in the western portion of the state of Oklahoma may lawfully receive such liquors, and the federal law places no limit upon the amount that may be received; any by this we are bound. But we have always held that the quantity of liquor received, in connection with other circumstances, may be considered by a jury in determining as to whether

or not such liquor was received for the personal use of the consignee, or as to whether or not is was received and kept for an illegal purpose. In this case it was proven that this beer was received and kept by the appellant at a hotel where the public generally congregated. This circumstance, in connection with the quantity received, was sufficient to make out a *prima facie* case against appellant; and the burden of proof was upon him to prove, if he could, that such liquors were for his own use, or for the use of his family alone. As the defendant refused to introduce any testimony, the jury were fully warranted, considering the place at which it was kept, in believing that he had in his possession this beer for the purpose of violating the prohibitory liquor law.

Counsel for appellant insists that the verdict is not sustained by the evidence; but he cites no authorities in support of this contention. This court has never held that a conviction could not be had in any classes of cases upon circumstantial evidence, when the circumstances were sufficient to exclude every other reasonable hypothesis save that of appellant's guilt. To say that one man and his family could consume 20 barrels of beer within the time covered by the testimony in this case would be an absurdity. If appellant was in possession of this beer for his own personal use, or the use of his family, he should have proven this fact and sustained it with such testimony as would raise a reasonable doubt upon this question in the minds of the jury.

There are a number of alleged errors complained of by counsel for appellant; but they are not of sufficient importance to require consideration. The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.